IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON JOHNSON, | ) |
| | ) Case No.: 18 cv 7047 |
| Plaintiff, | ) |
| | ) Judge Edmond E. Chang |
| v. | ) |
| | ) Magistrate Judge Michael T. Mason |
| City of Chicago, City of Chicago Police Officers Martin Hernandez, Star No. 112637, Joel Lopez, Star No. 7613, Sgt. Brian Schnier, Star No. 1273 and Unnamed and Unknown City of Chicago Police Officers, | ) Amended Complaint for Violation of Civil Rights and Supplemental Claims |
| | ) **JURY DEMANDED** |
| Defendants. | ) |

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times herein mentioned, Plaintiff JASON JOHNSON (hereinafter "Plaintiff") was and is a citizen of the United States and was within the jurisdiction of this court.

4. At all times herein mentioned Defendants City of Chicago Police Officers Martin Hernandez, Star No. 112637, Joel Lopez, Star No. 7613, and Sgt. Brian Schnier, Star No. 1273 were employed by the City of Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. The other as yet unknown and unnamed Defendants were also acting under color of law in that they

1

were the employee, agent or representative of the City of Chicago. These Defendants are being sued in their individual capacities.

5. At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the CITY OF CHICAGO maintained, managed, and/or operated the CITY OF CHICAGO POLICE DEPARTMENT.

## FACTUAL ALLEGATIONS

6. On or about April 9, 2018, Plaintiff was lawfully driving in his vehicle in the City of Chicago, County of Cook, Illinois.

7. At that date, time and place, Defendants Hernandez, Lopez and unknown and unnamed persons caused Plaintiff to stop his vehicle. There was no legal cause or reasonable suspicion to cause Plaintiff to stop his vehicle and be detained.

8. The Defendants immediately requested that the Plaintiff exit his vehicle. The Plaintiff requested that a supervisor come to the scene.

9. The Defendants did not undertake any prompt activity in connection with or related to a traffic stop.

10. Shortly thereafter Defendant Schnier came to the scene.

11. Thereafter, without any legal cause, Plaintiff was forcefully pulled from his vehicle, subject to excessive force, and placed into handcuffs.

12. Plaintiff was falsely orally accused of trying to bite an officer.

13. Plaintiff's vehicle was searched and no contraband or any illegal thing was found on Plaintiff or in his vehicle.

14. Plaintiff was then given a ticket for having not stopped at a stop sign. This was not true. Plaintiff did not violate any traffic laws.

15. After a period of time, Plaintiff was released from his handcuffs and permitted to leave.

16. There was no legal or probable cause to detain and/or, arrest Plaintiff for any crime. There was no legal cause to search the Plaintiff or his vehicle.

17. There was no legal cause for any defendant to use any force against Plaintiff.

18. The Defendants and each of them caused Plaintiff to be subjected to a prosecution for a traffic ticket. There was no legal cause to prosecute the Plaintiff for a traffic ticket.

19. On or about May 23, 2018, the traffic ticket against the Plaintiff was dismissed.

20. The Defendants undertook their unlawful actions against the Plaintiff, at least in part, because he is African-American.

21. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, loss special damages, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

22. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

23. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff

requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I

### PLAINTIFF AGAINST ALL INDIVIDUAL DEFENDANTS FOR UNREASONABLE SEIZURE

24. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-three (23) hereat as though fully set forth at this place.

25. By reason of the conduct of defendants and each of them, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

26. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The individual Defendants and each of them violated the Plaintiff's rights in the following manner: the detention, seizure and arrest of Plaintiff by defendants and each of them, was without any legal cause. The search of Plaintiff and his vehicle was without any legal cause.

27. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II

### PLAINTIFF AGAINST ALL INDIVIDUAL DEFENDANTS FOR EXCESSIVE FORCE AND FAILURE TO PROTECT

28. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-three (23) hereat as though fully set forth at this place.

29. During and immediately after Plaintiff's seizure, Defendants and each of them used excessive force against Plaintiff's person as described above.

30. There was no legal cause for Defendants to use force against Plaintiff.

31. Further, to the extent that any individual Defendant(s) did not use force against the Plaintiff, that Defendant failed to protect the Plaintiff from the excessive use of force, despite the reasonable ability to protect the Plaintiff from such force.

32. By reason of Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

33. The physical violence inflicted upon Plaintiff, as well as the failure to protect the Plaintiff from the excessive use of force, was unnecessary, unreasonable, and excessive, and was therefore in violation of Plaintiff's Fourth and/or Fourteenth Amendment Rights. Therefore, Defendants and each of them are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III

### PLAINTIFF AGAINST DEFENDANTS FOR THE SUPPLEMENATAL CLAIM OF MALICIOUS PROSECUTION

34. Plaintiff incorporates and realleges paragraphs one (1) through twenty-three (23) hereat as though fully set forth at this place.

35. Defendants Hernandez, Lopez, Schnier and as yet unknown defendants caused a traffic prosecution to commence and/or continue against Plaintiff.

36. The persons named in the previous paragraph, police officers employed by the CITY OF CHICAGO, maliciously commenced and caused to be continued a traffic action against Plaintiff without probable cause for the institution and/or continuation of these

5

proceedings. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

37. Defendants Hernandez, Lopez, Schnier and other unknown defendants in above initiated, facilitated, and/or continued this malicious prosecution by the creation of false evidence, by giving a false ticket with a false accusation.

38. The criminal proceedings were terminated in the plaintiff's favor on or about May 23, 2018.

39. The CITY OF CHICAGO is liable to Plaintiff for the acts of its employees pursuant to the doctrine of *respondeat superior*.

40. Therefore, the above-named Defendants and the CITY OF CHICAGO are liable under the supplemental state law claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, LTD., requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago and Cook County be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/ Edward M. Fox
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/Edward M. Fox
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efox-law.com